IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORDAN WILLIAMS,                      )
                                      )
                    Petitioner,       )
                                      )
          v.                          )    1:20CV742
                                      )
SHERIFF OF MOORE COUNTY,              )
                                      )
                    Respondent.       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Moore County, North Carolina, submitted a Letter in which he seeks to attack his pending state court charges. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2241, a petition under § 2241 is the proper avenue for such an attack in the very narrow circumstances where one exists. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2241 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. The Petition does not currently state a viable claim for relief. Intervention in ongoing state criminal proceedings can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack

of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not currently set out facts sufficient to meet this standard. Further, Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). Unless Petitioner exhausts his remedies and can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow if he files again in this Court.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2241 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition

-2-

Case 1:20-cv-00742-LCB-LPA   Document 2   Filed 10/15/20   Page 2 of 3

which corrects the defects of the current Petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 15th day of October, 2020.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
